UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH BLAKE WELCH,

    Plaintiff,

v.                                        Case No: 6:16-cv-1670-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees, Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 23). Plaintiff requests an award of fees **in the amount of $5,489.67**. The schedule of billable hours attached to the application itemizes the time expended by counsel (Doc. 23-2). Defendant has no objection to the requested relief (Doc. 23 at 2).

    Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth when this proceeding was filed was less than two million dollars[1] (Id. at 1-2). On January 10, 2018, I filed my report and recommendation in which I recommended that the district court reverse and remand this case back to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 20). The district court adopted the report and recommendation on January 25, 2018 (Doc. 21) and the clerk

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

entered judgment the next day (Doc. 22). Plaintiff filed this application for attorney's fees on April 4, 2018 (Doc. 23).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel (Doc. 23-3). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to his counsel unless he owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to his counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the district judge **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees (Doc. 23), and award Plaintiff attorney's fees in the amount of **$5,489.67**. It is further recommended that the district court authorize payment to Plaintiff's counsel if the Department of the Treasury determines that Plaintiff does not owe a debt to the Government.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on April 4, 2018.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding District Judge
    Counsel of Record